# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 13-57(1) (JRT/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| FRANCIS SAYGBAY, | |
| Defendant. | |

Ryan R. Raybould, Thomas W. Flynn, and Dennis R. Kihm, **UNITED STATES DEPARTMENT OF JUSTICE**, Tax Division, 601 D Street N.W., Washington, DC 20004, for plaintiff.

Francis Saygbay, Reg. No. 82420-053, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, *pro se*.

On November 5, 2015, Defendant Francis Saygbay pled guilty to one count of Conspiracy to Defraud the United States, 18 U.S.C. § 371, one count of Aggravated Identity Theft, 18 U.S.C. § 1028A, and two counts of False and Fraudulent Income Tax Returns, 26 U.S.C. § 7206(2). The Court entered judgment on April 13, 2016, imposing a sentence of 40 months' imprisonment. Saygbay moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing the Court applied the United States Sentencing Guidelines Manual ("Guidelines") incorrectly by (1) failing to apply the proper downward adjustment in offense level based on Saygbay's minor role in the criminal activity, pursuant to U.S.S.G. § 3B1.2,[1] and (2) incorrectly finding that Saygbay's criminal history category at the time of sentencing was II, rather than I.

---

[1] All references to the Guidelines refer to the edition effective November 1, 2015.

The Court will deny Saygbay's motion because his claims are procedurally defaulted and because challenges to the application of the Guidelines are not cognizable claims under § 2255. Furthermore, even in the absence of these procedural barriers, the Court did not incorrectly apply the Guidelines.

**BACKGROUND**

On April 22, 2014, Saygbay was among those indicted on charges of Conspiracy to Defraud the United States, Aggravated Identity Theft, and False and Fraudulent Income Tax Returns. (Second Superseding Indictment, Apr. 22, 2014, Docket No. 118.) On November 5, 2015, Saygbay pled guilty to Count 1 (Conspiracy to Defraud the United States), Count 17 (Aggravated Identity Theft), and Counts 53 and 57 (False and Fraudulent Income Tax Returns). (Plea Agreement & Sentencing Stipulations, Nov. 5, 2015, Docket No. 291.)

In the factual basis for the Plea Agreement, the parties stipulated that Saygbay's participation in the charged activity began "by at least early 2007" and that on March 14, 2007, Saygbay committed acts amounting to the conduct charged in Count 57. (*Id.* at 4-5.) In the Plea Agreement, the parties agreed, for sentencing purposes, that the two-point minor role adjustment pursuant to § 3B1.2(b) was applicable. (*Id.* at 7.) The Plea Agreement also states that the parties "believe[d], but d[id] not stipulate, that the defendant's criminal history category [was] I" and that Saygbay's actual criminal history would be determined by the Court prior to sentencing. (*Id.* at 8.) Lastly, the Plea Agreement provides that if Saygbay's Adjusted Offense Level under the Guidelines was

19 and his criminal history category was I, the Guidelines range for Counts 1, 53, and 57 would be 30 to 37 months' imprisonment, and that the Aggravated Identity Theft charge carried an additional mandatory 24 months' imprisonment "to run consecutively to any other sentence imposed by the Court." (*Id.* at 9.)

In the Presentence Investigation Report ("PSR"), the United States Probation Office recommended a two-point minor role adjustment pursuant to § 3B1.2(b), as the parties agreed in the Plea Agreement. (PSR at 16, Feb. 8, 2016, Docket No. 308.) The PSR also included, as relevant here, details regarding Saygbay's prior criminal conviction for theft of property in Denton County, Texas. (*Id.* at 17.) The PSR indicated that, on September 13, 2002, Saygbay pled guilty to the Texas charge and was sentenced to five years' probation. (*Id.*) Based on this conviction, the PSR recommended a subtotal criminal history score of 1, pursuant to U.S.S.G. § 4A1.1(c), along with the addition of 2 criminal history points pursuant to § 4A1.1(d) because Saygbay committed the instant offense while on probation for the prior crime in Denton County, Texas.[2] (*Id.* at 17-18.) The PSR concluded that with a criminal history score of 3, Saygbay's criminal history category under U.S.S.G. ch. 5, pt. A was II. (*Id.* at 18.)

At sentencing on April 13, 2016, the Court adopted the PSR. (Statement of Reasons at 1, Apr. 28, 2016, Docket No. 359.) Based on an Adjusted Offense Level of 19 and a criminal history category of II, the Court determined the guideline range for Counts 1, 53, and 57 was 33 to 41 months. (*Id.*) But the Court applied a downward

---

[2] Section 4A1.1(d) states: "Add **2** [criminal history] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

variance for Counts 1, 53, and 57, sentencing Saygbay to just 16 months' imprisonment on those counts. (*Id.* at 3-4.) The Court imposed the downward variance based on the late filing of the charges and a number of mitigating factors, including Saygbay's history and childhood, significant family responsibilities, relatively minor role in the conspiracy, and minimal criminal history. (*Id.*) The Court also imposed the mandatory consecutive sentence of 24 months' imprisonment for Count 17, resulting in a total sentence of 40 months' imprisonment. (*Id.* at 4.)

Saygbay did not appeal his conviction or sentence. On August 25, 2016, Saygbay filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to § 2255, arguing that the Court erred in failing to apply the minor-role adjustment. On September 6, 2016, Saygbay filed an addendum to his motion, arguing that the Court should have applied a criminal history category of I rather than II.

## ANALYSIS

### I. STANDARD OF REVIEW

Section 2255 permits a prisoner to move the sentencing court to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "Relief under . . . § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete

miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

## II. PROCEDURAL ISSUES

A § 2255 claim can address those arguments not properly preserved at trial or on direct appeal only if the petitioner can show either (1) cause for the failure to preserve the claim and prejudice from the claimed legal error, or (2) actual innocence. *Bousely v. United States*, 523 U.S. 614, 622 (1998); *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001).

Here, Saygbay could have directly appealed or otherwise preserved his arguments that the Court applied the Guidelines incorrectly, yet he failed to do so. Saygbay also failed to show actual innocence or cause for the failure to appeal his sentence or to otherwise preserve the claims of alleged sentencing error. Thus, Saygbay's arguments are procedurally defaulted under *Bousely*.

Beyond mere procedural default, Saygbay's claims are not cognizable under § 2255 for the additional reason that in the Eighth Circuit, "ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper [§] 2255 claim." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995). Saygbay does not allege that his sentence exceeds the statutory maximum or is otherwise unconstitutional, nor has Saygbay demonstrated any other basis for the Court to conclude there was a miscarriage of justice.

For these reasons, the Court will deny Saygbay's § 2255 motion.

## III. MERITS

Even if Saygbay's claim were cognizable under § 2255 and there were no procedural default, the claims would also fail on their merits. First, Saygbay argues that he was entitled to a two-point minor-role adjustment in the calculation of the offense level under the Guidelines. The Court did, in fact, apply a minor role adjustment when determining the Guidelines range.

Second, Saygbay argues that the Court incorrectly held that Saygbay's criminal history category was II when it should have been I. Saygbay does not offer any explanation as to why the PSR's recommendation of category II was inaccurate. After reviewing the basis for applying a criminal history category of II, the Court concludes that this finding was not in error and was based on a straightforward application of § 4A1.1(d).[3] Because § 4A1.1(d) provides that 2 criminal history points should be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation," it was appropriate to add 2 criminal history points, as Saygbay was on probation at the time of the offense. Based on this fact, the Court properly found that Saygbay had 3 criminal history points, resulting in a criminal history category of II.

---

[3] The Court notes that although it applied a criminal history category of II, the Court considered Saygbay's minimal criminal history as one of many mitigating factors justifying a downward variance, which resulted in a sentence 17 months shorter than the bottom of the Guidelines range.

Thus, Saygbay has not shown any error in the Court's calculation of the Guidelines range applied at sentencing.[4]

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). For purposes of appeal under § 2253, the Court finds that Saygbay has not shown that reasonable jurists would find the issues raised in Saygbay's § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. Therefore, the Court declines to grant a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Francis Saygbay's Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 407] and Addendum to Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 411] are **DENIED**.

---

[4] Saygbay cites *Molina-Martinez v. United States* for the proposition that "a district court's application of an incorrect Guidelines range can itself serve as evidence of an effect on substantial rights." 136 S. Ct. 1338, 1341 (2016). Because Saygbay has not shown that the Court applied an incorrect Guidelines range, *Molina-Martinez* is inapplicable.

2. For the purpose of appeal, the Court does not grant a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 24, 2017                   ____s/ John R. Tunheim____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                           Chief Judge
                                         United States District Court